UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2015 JAN 12  PM 12 52
U.S. DISTRICT COURT
DISTRICT OF MASS.

Dwayne M. Cruthird
    Plaintiff,

vs.                                Civil Action No._____

Keefe Commissary Network, LLC
and Access Corrections
    Defendants.

**VERIFIED CIVIL ACTION COMPLAINT**

I. **Introduction:**

    This is a civil action filed by a Massachusetts State prisoner against the Defendants for the sale of MP3 media player music without any sample listening feature to prevent the purchase of the wrong permanent downloaded music. The Plaintiff seeks declaratory, equitable and injunctive relief against the Defendants.

II. **Jurisdiction:**

    This Federal Court has jurisdiction to hear and decide the instant controversy pursuant to 17 U.S.C. § 101-122, inclusively and G.L.c. 93A.

III. **Parties:**

1.  The Plaintiff Dwayne M. Cruthird (hereinafter "Cruthird"), is a Massachusetts State Prisoner and currently held at MCI-Concord, Post Office Box 9106, Concord, MA 01742.

2.  The Defendant Keefe Commissary Network, LLC (hereinafter "KCN" and "Defendants" collectively), is a contracted with Massachusetts Department of Correction to sell, inter alia, property and canteen food items. KCN's address if P.O. Box 17490, St. Louis, MO 63132-7490. KCN is being sued in its official and individual capacities.

3.  The Defendant Access Correction (hereinafter "Access" and "Defendants" collectively), is an agent or DBA/Keefe Commissary Network, LLC as or for the same business venture purposes. Access' address is 10880 Lin Page Place, St. Louis, MO 63132-1008. Access is being sued in both its individual and official capacities.

4.  At all times relevant to this complaints the Defendants were acting under the color of Federal and State laws.

IV. **Statement of Facts:**

5.  On May 27, 2014, Cruthird purchased from the Defendants a Maxx Pro (8GB Model) MP4 Media Player.

6.  Sometime thereafter Cruthird permanently downloaded the song catalogs, allowing for a selection of permanent download music.

7. Cruthird conducted several searches of various songs by song titles and artists.

8. Said song title searches yielded, inter alia, several songs Cruthird believed he wanted:

   a. Escape Megamix

   b. Hardcore Hip-Hop

   c. No Games (remix)

   d. Rolling in the Deep

   e. Stumble

   f. Takaramono feat. Scar-Face

9. In November of 2014, Cruthird had sought to be credited with the media funds for the six songs that he alleged were not the songs Cruthird wanted.

10. Cruthird would not have receive any money to use for any other purpose but would have had media funds exclusively available fore downloading six different songs.

11. Cruthird was denied said relief by the Defendants.

12. Cruthird, along with thousands of other State Prisoners, is not allowed to have a listening sample of the permanent download music, which is the gist of Cruthird's complaint.

13. The Defendants system for the MP4's browsing and permanent dowload purchasing of songs does not allow for a thirty-to-sixty second sample of the music for Cruthird to determine whether to purchase the songs without knowing its content.

3

14. The failure to do so trammeled upon Cruthird's consumer protection rights to having made a song purchase without any intellectual or intelligent hearing sample to aide in the purchase of the music in question.

15. The Defendants unfair and decetive act of selling music without any sample caused consumer confusion resulting in the actual injury to Cruthird in the amount of $11.00.

16. On December 4, 2014, The Defendants responded to Cruthird's concerns seeking to receive the music media refund to purchase six correct songs of his choice and was denied.

### V. Cause of Action:

17. The Defendants violated Massachusetts Consumer Protection laws with the sale of media music without any listening same to Cruthird, which has occurred primarily and substantially in Massachusetts Department of Correction. See generally, G.L.c. 93A.

18. The Defendants violated Cruthird's limitations on exclusive rights for fair usage of media music for permanent download without any listening sample before said purchases were made. See generally, 17 U.S.C. § 107.

### VI. Prayers for Relief:

Wherefore, the Plaintiff request the following relief be Adjudged and Declared:

4

  a. Declare the Defendants' process and procedure for music media permanent download, without any listening sample or audio aide, infringes on Cruthird's Consumer Protection Rights;

  b. Declare the Defendants failure to allow for the listening sample of media music permanent download, before its purhcase, violates Federal laws for fair use and sampling of music in order to decide whether or not to purchase the music;

  c. Declare the Defendants are liable to Cruthird for the injury associated with any songs purchased that he alleges is not the song selection he wanted, without having first hearing a sample of said song;

  d. Grant equitable relief to Cruthird to receive six songs purchasing credit for his actual injury;

  e. Grant injunctive relief directing the Defendants to allow for a thirty-to-sixty second sample of all music media for permanent download;

  f. Grant attorney's fees and cost associated with said litigation; and

  g. Grant any other forms of equitable and injunctive relief as seen fit by this Court.

### VERIFICATION

I, hereby verify that the foregoing Facts are true and correct to the best of my personal knowledge, and further sworn to under the pains and penalties of perjury on this 12 day of December, 2014.

_[signature]_

Dwayne M. Cruthird, pro se
MCI-Concord
Post Office Box 9106
Concord, MA 01742

Date: 12 DEC 14