**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **DWAYNE M. CRUTHIRD,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **KEEFE COMMISSARY NETWORK,** ) <br> **LLC, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | **Civil Action No. 15-10070-DJC** |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                    **August 11, 2015**

## I.      Introduction

Dwayne M. Cruthird brings this action against Keefe Commissary Network, LLC  and Access Corrections ("Defendants") alleging that they violated state consumer protection law in conjunction with his purchase of digital copies of certain songs.  For the reasons set forth below, the motion for leave to proceed *in forma pauperis* is GRANTED and the plaintiff is directed to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

## II.     Background

The Court summarizes the facts as alleged in the complaint.  Dwayne Cruthird ("Cruthird") is a state inmate who, at the relevant time, was confined at MCI Concord.   Defendants contracted with the Massachusetts Department of Correction to sell, *inter alia*, property and food items to the inmates through institutional commissaries.  In May 2014, Cruthird purchased from the defendants an MP4 media player and he later downloaded catalogs of the songs that were available for download.  Cruthird selected six songs from the catalogs that, based on the titles of the songs, he believed that he wanted to purchase.  He did not have the option of listening to sound clips before making the purchase.  The plaintiff went ahead and bought the songs, only to discover that they were not the songs he thought he was purchasing.  In November 2014, Cruthird sought reimbursement for the songs from the Defendants, requesting that he receive a credit so that he could purchase

different songs.  In December 2014, the Defendants denied his request.

Cruthird alleges that the defendants violated Mass. Gen. L. c. 93A ("Chapter 93A") by not allowing the plaintiff to listen to a sound clip prior to purchasing the right to download a song and subsequently refusing the plaintiff's request for reimbursement in the form of a credit.  He claims that he was injured in the amount of $11.00.  Cruthird asks that the Court declare that the defendants' failure to provide listening samples violates Chapter 93A and federal copyright law regarding fair use.  He seeks equitable relief in the form of an $11.00 credit with the defendants.  The plaintiff also asks that the Court require the defendants to provide listening samples for all music media which they offer for purchase.

In the complaint, Cruthird asserts that this Court has jurisdiction "pursuant to 17 U.S.C. § 101-122, inclusively and G.L.c. 93A."  Compl. (D.1) at 1.  On his civil cover sheet (D. 1-1), he represents that the Court's jurisdiction is based on diversity of citizenship and indicates that he is a citizen of Massachusetts and that the defendants are citizens of other states.  He also states that his demand is $11.00.  Although the complaint is not styled as a class action, on the civil cover sheet Cruthird indicates that class action status is sought.  Further, in the complaint, he alleges, "Cruthird, along with thousands of other State Prisoners, is not allowed to have a listening sample of the permanent download music, which is the gist of Cruthird's complaint."  Compl. (D. 1) ¶ 12.

The plaintiff has filed motions for leave to proceed *in forma pauperis* and for service by the United States Marshals Service.

III.    **Discussion**

A.    **Motion to Proceed *In Forma Pauperis***

Upon review of the motion to proceed *in forma pauperis*, the Court concludes that Cruthird is without funds to prepay the filing fee.  The motion is therefore GRANTED.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $44.21.  The remainder of the fee, $305.79, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

B.    **Screening of the Complaint**

2

Because the plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  Further, the Court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").   In reviewing the complaint, the Court liberally construes the pleading because the plaintiff is proceeding *pro se*.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, the Court cannot discern a basis for the exercise of subject matter jurisdiction over Cruthird's claims.  Although he references a federal copyright statute and references his "fair use of media music", compl. (D. 1), ¶ 18, he does not state a cognizable claim.  Instead, it appears that the plaintiff is attempting to invoke the Court's diversity subject matter jurisdiction.  However, he does not allege facts from which the Court may reasonably infer that the amount in controversy exceeds $75,000.

"Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation."  Richard C. Young & Co., Ltd v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004).  Even if the Court were to assume that, in addition to providing Cruthird with an $11.00 credit, the defendants were required to provide the injunctive remedy that plaintiff seeks for inmates to listen to a song sample prior to purchasing the right to download a song, the Court cannot reasonably infer, based upon allegations in the complaint, that the amount in controversy exceeds $75,000.

Moreover, the plaintiff's suggestion that he intends to pursue class action certification does

not cure the deficiency in the amount in controversy.  At least one plaintiff must still meet the $75,000 amount in controversy requirement.  The claims of the class members cannot be aggregated for jurisdictional purposes unless (1) the purported class has 100 or more members; (2) the parties are of minimum diverse citizenship; and (3) the aggregate amount in controversy exceeds $5 million.  <u>See</u> 28 U.S.C. § 1332(a), (d)(2), (d)(5)(B), (d)(6); <u>see also</u> <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>,  U.S., 135 S. Ct. 547, 552 (2014).  Even assuming that (1) and (2) are met, Cruthird's complaint does not contain any suggestion that the amount in controversy would exceed $5 million.

Finally, there is no basis for federal question subject matter jurisdiction.  Although Cruthird asserts that failing to provide a song sample prior to purchase deprives him of his "fair use" rights under federal law, he does not explain, nor can the Court discern, how the defendants' failure to a song sample or refusing to provide a refund or credit when an inmate purchases the wrong song implicates federal copyright law.

## IV.    Conclusion

For the aforementioned reasons:

1.    The motion for leave to proceed *in forma pauperis* (D. 9) is GRANTED.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $44.21.  The remainder of the fee, $305.79, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a copy of this Order to the treasurer of the institution having custody of plaintiff.

2.    If the plaintiff wishes to prosecute this action, he must, within forty-two (42) days of the date of this Memorandum and Order, show cause why this action should not be dismissed for the reasons stated above.  Failure to comply with this directive will result in dismissal of this action.

3.    The motion for service by the United States Marshals Service (D. 5) is DENIED WITHOUT PREJUDICE because it appears at this time that the Court does not have subject matter jurisdiction over this action.

**So ordered.**

/s/ Denise J. Casper
United States District Judge