**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DWAYNE M. CRUTHIRD,**<br><br>        **Plaintiff,**<br><br>   v.<br><br>**KEEFE COMMISSARY NETWORK, LLC, et al.,**<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)     **Civil Action No. 15-10070-DJC**<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                    **December 3, 2015**

**I.      Introduction**

Dwayne M. Cruthird brings this action against Keefe Commissary Network, LLC and Access Corrections ("Defendants") alleging that they violated state consumer protection law in conjunction with his purchase of digital copies of certain songs. For the reasons set forth below, the Court dismisses this action without prejudice.

**II.     Background**

Dwayne Cruthird ("Cruthird") is a state inmate who, at the relevant time, was confined at MCI Concord. He alleges that he bought digital copies of certain songs from the Defendants. Inmates are not able to listen to a song clip before purchasing the songs. Cruthird made purchases based on the titles of songs, only to discover after the purchase that they were not the songs he wanted. The defendants refused to refund him his money or give him credit.

In his original complaint (D. 1), Cruthird sought damages in the amount of $11.00 and an order that the defendants provide access to sound clips of songs prior to him making a purchase decision. On August 11, 2015, the Court issued a Memorandum and Order, D. 11, directing the plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction.

The Court explained that Cruthird had not brought a claim arising under federal law and that his claim did not meet the $75,000 amount in controversy requirement for diversity subject matter jurisdiction.  See 28 U.S.C. § 1331, 1332(a).

Cruthird timely filed a show cause response, D. 14, and an amended complaint, D. 15.  In both pleadings, Cruthird states that he is bringing a class action and that the aggregate amount in controversy for all of the class members exceeds $75,000.  He estimates that the aggregate damages could be as high as $1,200,000 for Massachusetts class members and $42 million for a nationwide class of over 150,000.  Cruthird bases his calculation on the estimated amount of money that the potential class members have spent on purchasing songs without first listening to a sound clip, which, he claims, is a violation of Massachusetts consumer protection law.  Cruthird also states that the Defendants' conduct violated the rights of the class members under the Digital Millennium Copyright Act and "exclusive rights for fair usage."  Amend. Compl. (D. 15 ¶ 32-33).

**III.**   **Discussion**

Cruthird's show cause response and amended complaint do not cure the jurisdictional deficiencies to the extent that the plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 or 1332(a).  To the extent he is invoking the Court's jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), Cruthird, who is not represented by counsel, cannot bring this action.

**A.**   **Federal Question Jurisdiction Under 28 U.S.C. § 1331**

Cruthird does not cite to, nor can the Court find, any provision in the Digital Millennium Copyright Act that requires a music distributor to provide a song sample to customers prior to purchase of an electronic download.  Rather, the statute focuses on protecting the rights of copyright owners who face a "vastly expanded risk of piracy in this electronic age."  Universal City Studios v. Reimerdes, 111 F. Supp. 2d 294, 329 (S.D.N.Y. 2000).  Further, as the Court stated in its earlier Memorandum and Order, the "fair use" provision of copyright law does not give rise to a cognizable claim.  In the context of copyright law, the "fair use" doctrine is a defense to a claim of copyright infringement.  See 17 U.S.C. § 107.

### B.   Diversity Subject Matter Jurisdiction Under 28 U.S.C. § 1332(a)

Cruthird attempts to invoke the Court's diversity subject matter jurisdiction under 28 U.S.C. § 1332(a) by aggregating the amount in controversy of the claims of the individual class members. However, diversity subject matter jurisdiction under 28 U.S.C. § 1332(a) only exists if the amount in controversy for at least one of the plaintiffs exceeds $75,000. Cruthird and the other class members cannot aggregate the amount in controversy of their individually cognizable claims to meet the amount in controversy requirement. See CE Design LTD v. Amer. Economy Insur. Co., 755 F.3d 39, 43 (1st Cir. 2014). Because Cruthird has not alleged facts from which the Court may reasonably infer that the amount of controversy for his own claims or that of another class member exceed $75,000, diversity subject matter jurisdiction under 28 U.S.C. § 1332(a) does not exist.

### C.   Diversity Subject Matter Jurisdiction Under the Class Action Fairness Act

Under CAFA, federal courts have jurisdiction over a class action if, among other requirements, the amount in controversy exceeds $5 million. See 28 U.S.C. § 1332(d)(2), (6). Unlike the requirements of § 1332(a), under CAFA, the amount in controversy is determined by aggregating the claims of the individual class members. See id. Even assuming arguendo that the Court accepted Cruthird's calculation of the amount in controversy,[1] he would still have to satisfy all other requirements of CAFA were satisfied for this Court to exercise jurisdiction over this class action lawsuit.

Moreover, Cruthird cannot prosecute a class action *pro se*. Although 28 U.S.C. § 1654 permits a person to proceed *pro se* to represent himself,[2] this provision does not allow laypersons

---

[1] The Court notes that Cruthird's calculation of class damages is based on the assumption that anyone who purchased media music from the defendants without first listening to a music sample suffered was injured. However, Cruthird does not provide any support for his assertion that consumers suffer a compensable injury when they are not able to listen to a music sample prior to purchase. Any compensable injury in this context would only occur if, because of the defendants' unlawful conduct, the song purchased was not the one the consumer believed he was buying.

[2] 28 U.S.C. § 1654 provides:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted

to represent co-plaintiffs, a class, or any other litigant. See, e.g., Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir.2000) (class representatives cannot appear *pro se*); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (noting that "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others"); see also Local Rule 83.5.5(b) (D. Mass.) ("An individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf").

**IV.  Conclusion**

For the aforementioned reasons, this action is DISMISSED WITHOUT PREJUDICE.

**So ordered.**

    /s/ Denise J. Casper
United States District Judge

---

to manage and conduct causes therein.